# Exhibit B
## Complaint

BEN DUPRE, Bar No. 231191
2005 De La Cruz Bld., Suite 203
Santa Clara, CA 95050
Tel: 408-727-5377
Fax: 408-727-5310
bendupre@gmail.com

Counsel for the Plaintiff, Miguel Bolanos

## SANTA CLARA SUPERIOR COURT – SANTA CLARA COUNTY
### (UNLIMITED DIVISION)

| | |
|---|---|
| MIGUEL BOLANOS, | Case No.: |
| Plaintiff, | 113CV257561 |
| v. | DEMAND FOR JURY TRIAL |
| TRANS UNION, LLC, DOES 1-10, | |
| Defendants. | |

## I. INTRODUCTION

1. Despite knowing about Mr. Bolanos' chapter 13 bankruptcy discharge, Trans Union is falsely reporting information about Mr. Bolanos' mortgage loan, as well as falsely stating he owed over one thousand dollars. Trans Union continues to falsely report this information, despite receiving Mr. Bolanos' dispute and request to correct. Mr. Bolanos' sent Trans Union a dispute letter stated, in substance, that his mortgage loan was modified and Trans Union had incorrectly stated the mortgage loan's interest rate and frequency of when the rate changes. In addition, Mr. Bolanos' disputed (among other things) that he owed over $1,000 on an HSBC Levitz account that was included as part of his bankruptcy. Despite Mr. Bolanos' dispute letter (which included his loan

COMPLAINT

1

modification agreement, supporting bankruptcy documentation, such as his order approving loan modification and his bankruptcy discharge order), Trans Union failed to properly resolve this matter, and instead ignored it.

2. As a result of defendants unlawful acts and omissions, Mr. Bolanos has suffered emotional distress, including frustration, stress, embarrassment (including getting turned down for credit), humiliation, anger, anxiety, among other negative emotions.

3. Trans Union's conduct is part of a business plan and practice of unlawful credit reporting warranting punitive damages. Trans Union has a history or plan of unlawful credit reporting practices similar to herein, including but not limited to: See *White v. Trans Union, LLC*, 462 F. Supp. 2d 1079, 1080, 1084 (C.D. Cal. 2006)(reporting false information post discharge).

4. According to the most recent FTC Study conducted in December 2012[1], <u>one in five consumers had an error</u> on at least one of their three credit reports.

5. As the 9th Circuit has stated, "The legislative history of the FCRA reveals that it was crafted to protect consumers from the transmission of inaccurate information about them". *Guimond v. Trans Union Credit Information Co.* (1995) 45 F.3d 1329

According to the FCRA, 15 U.S.C. 1681:

> (4) There is a need to insure that consumer reporting agencies exercise their <u>grave responsibilities</u> with fairness, impartiality, and a respect for the consumer's right to privacy.

6. As another Circuit Court has stated:

> "With the trend toward computerization of billings and the establishment of all sorts of computerized data banks, <u>the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid</u>

---

[1] FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003

COMPLAINT

2

and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage to buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason". Bryant v. TRW, Inc., 689 F.2d 72, 79 (6th Cir. 1982)

## II. JURISDICTION AND VENUE

6. Defendants are authorized to do business and do business in California.

7. Jurisdiction of this Court arises under California Civil Code of Procedure sections 395 and 395.5.

8. Venue is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

9. Plaintiff, Miguel Bolanos ("Mr. Bolanos"), is a natural person residing in San Jose, California. Mr. Bolanos is a "person" as defined by 15 U.S.C. section 1681a(b), and a consumer as defined by 15 U.S.C section 1681a(c).

10. Defendant, Trans Union, LLC ("Trans Union") and its associated entity Trans Union Corp (herein referred to collectively as "Trans Union") is a Deleware corporation which was doing business at all relevant times in Santa Clara County and throughout California. Trans Union's principal place of business is 555 W. Adams Street, Chicago, IL 60661.

11. Trans Union is a consumer reporting agency, as that term is defined under Title 15 U.S.C. 1681a(f).

12. Defendants, Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Mr. Bolanos, and who there are sued by such fictitious names.

COMPLAINT

3

13. Mr. Bolanos is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Mr. Bolanos. Mr. Bolanos will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

14. Mr. Bolanos alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants. And in doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service of employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

15. Defendants authorized, approved, and/or ratified the acts herein.

16. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Mr. Bolanos to refer to all the defendants above.

## IV. FACTS

### Mr. Bolanos Files for Chapter 13 Bankruptcy Protection

17. On or about December 2009, Mr. Bolanos sought protection from his creditors by filing a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, case number 09-60888

18. Soon after the filing of the bankruptcy petition, Trans Union was notified of Mr. Bolanos' bankruptcy.

19. On February 1, 2010, the meeting of creditors (section 341(a)) was held in San Jose, California.

COMPLAINT

4

### During the Pendency of the Bankruptcy, Mr. Bolanos Modified His Mortgage

20. During the pendency of the Bankruptcy, Mr. Bolanos modified his home mortgage.

21. The modification provided, in part, that Mr. Bolanos' mortgage would have a fixed rate of interest for the duration of the loan.

22. On or about March 10, 2010, the Bankruptcy Court issued an Order approving the mortgage modification.

### Defendant Trans Union was Notified that Mr. Bolanos Obtained a Discharge

23. In March 2012, Mr. Bolanos completed his Chapter 13 plan payments and the Trustee administering the bankruptcy issued a Notice of Bankruptcy Completion.

24. On or about March 14, 2012, the bankruptcy court issued a Discharge Order, pursuant to 11 U.S.C. section 727, and the bankruptcy was sucessfully concluded.

25. On information and belief, on or about April 2012 (the date Plaintiff obtained his bankruptcy discharge), Defendant Trans Union became aware of Mr. Bolanos' bankruptcy discharge

26. On information and belief, in 2012, Trans Union became aware of Mr. Bolanos' bankruptcy discharge.

27. On or about February 5, 2013 (the date Plaintiff sent Trans Union a dispute letter), Trans Union, again, became aware of Mr. Bolanos' bankruptcy discharge.

### Trans Union Falsely Reports Mr. Bolanos' Mortgage Finances

28. In September 2012, in order to verify accurate reporting, Mr. Bolanos obtained his consumer report ("credit report"), as that term is defined under Title 15 U.S.C. 1681a(d).

29. The Trans Union credit report dated September 2012 falsely showed information related to Mr. Bolanos' mortgage loan and finances.

30. The Trans Union credit report dated September 25, 2012 reported in a heading, entitled

COMPLAINT

1  "Adjustable Rate Mortgage Information" the following <u>false information</u>, among other
2  items:
3  • Next Rate Change Date:       07/2013
4  • Rate Change Frequency:       Monthly
5  • Rate Change Interval:        12

7  31. The Trans Union credit report dated September 25, 2012 reported falsely that Mr.
8  Bolanos owed a balance of $1,387.

10  <u>Trans Union Ignored Mr. Bolanos and Continues to Falsely Report</u>
11  32. In response, on or about February 5, 2013, Mr. Bolanos sent Trans Union a letter
12  disputing its inaccurate credit reporting, as described above.
13  33. Mr. Bolanos' dispute letter stated, in substance, that his mortgage loan was modified
14  and Trans Union had incorrectly stated the mortgage loan's interest rate and frequency
15  of when the rate changes.
16  34. In addition, Mr. Bolanos indicated, in substance, that his current loan has a fixed
17  interest rate of 4.83%.
18  35. In addition, Mr. Bolanos indicated, in substance, that he was including (with this
19  dispute letter) his loan modification agreement, and a court order approving the loan
20  modification, as well as his Trans Union credit report, identified as #326159068, dated
21  September 25, 2012 (containing the false and misleading information).
22  36. Mr. Bolanos indicated that the HSBC Levitz account should not have a balance because
23  he obtained a successful bankruptcy discharge.
24  37. After receiving notice of Mr. Bolanos's dispute, Trans Union continued to falsely and
25  inaccurately report Mr. Bolanos' mortgage loan information and finances.

COMPLAINT

6

38. On or about February 26, 2013, Trans Union sent Mr. Bolanos a reinvestigation response letter in connection with Mr. Bolanos' Feburary 2013 dispute letter.
39. On or about March 1, 2013, Mr. Bolanos received Trans Union's reinvestigation response letter and a copy of Mr. Bolanos' credit report.
40. Despite being noticed of Mr. Bolanos' letter disputing the inaccurate and misleading information, Trans Union willfully failed to take any action whatsoever to correct the disputed mortgage information published in Mr. Bolanos' Trans Union credit report.
41. Trans Union listed investigation results of the following items:
    - Bank of America ███████
    - Bank of America ███████
    - Bank of America ███████
    - Bank of America ███████
    - American Honda Finance ███████
    - Personal Information
42. *None* of the four (4) Bank of America items listed on the Investigation Results of Trans Union's letter dated February 26, 2013 were items Mr. Bolanos disputed to Trans Union, but inexplicably these items were listed.
43. Trans Union reported investigation results on items Mr. Bolanos *never* disputed with Trans Union.
44. Trans Union's reinvestigation results letter dated February 26, 2013 *failed to mention whatsoever* Mr. Bolanos' dispute regarding the false and inaccurate mortgage information.
45. Trans Union's reinvestigation of Mr. Bolanos' dispute regarding the mortgage information was unreasonable.
46. Trans Union, after receiving Mr. Bolanos' detailed dispute letter (which contained

COMPLAINT

7

copies of his modified mortgage agreement, bankruptcy order approving the mortgage modification, etc.) should have discovered that reporting the variable mortgage rate information was false and inaccurate.

47. As such, Trans Union should have reported (to Mr. Bolanos) results of its reinvestigation indicating that the information was removed.

48. To date, Trans Union refuses to correct Mr. Bolanos' credit report.

## V. FIRST CLAIM FOR RELIEF – FRCA 1681i(a)(1)(A), i(a)(3)(B), i(a)(4), i(a)(6)(A), i(a)2(B), e(b)
*Federal Fair Credit Reporting Act 15 U.S.C. 1681 et seq.*

49. Mr. Bolanos re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

### 1681i Violations

50. Trans Union acts and omissions violated section §1681i including, but not limited to the below:

   a. Trans Union failed to conduct a reasonable reinvestigation in response to Mr. Bolanos' dispute, per §1681i(a)(1)(A).

   b. Trans Union failed to record the current status of the disputed information. Alternatively, Trans Union failed to notify Mr. Bolanos of any determination that his dispute was frivolous, per §1681i(a)(3)(B).

   c. Upon information and belief, Trans Union failed to promptly provide HSBC Levitz and/or Bank of America (Mr. Bolanos' mortgage lender) with all relevant information regarding the dispute that it received by Mr. Bolanos, per § 1681i(a)(2)(B).

   d. Trans Union failed to review and consider all relevant information submitted by Mr. Bolanos with respect to his dispute, per §1681i(a)(4).

COMPLAINT

8

c. Trans Union failed to provide Mr. Bolanos with written notice of the results of the reinvestigation with respect to his mortgage information dispute, per §1681i(a)(6)(A).

**1681e(b) Violations**

51. Trans Union's acts and omissions violated section §1681e(b), in that Trans Union failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Bolanos when it prepared a credit report of Mr. Bolanos, as well as the results of the revinvestigation it reported.

52. Trans Union's failure to correct the previously disclosed inaccuracies on Mr. Bolanos' credit report was intentional and in reckless disregard of its duties to ensure maximum possible accuracy in preparing a credit report, in conducting a reasonable reinvestigation, in reviewing and considering all relevant information submitted by the consumer, and notifying the consumer of the results of that reinvestigation.

53. On information and belief, Trans Union knowingly and intentionally failed to correct the erroneous credit information in direct violation of the Fair Credit Reporting Act.

54. Trans Union willfully, intentionally, and without any just cause failed to comply with its duty to conduct a proper investigation, among other duties.

55. Trans Union willfully and negligently failed to comply with its duty to investigate Mr. Bolanos' dispute under 15 U.S.C. §1681(n) & (o).

56. As a direct and proximate result of Trans Union's willful and untrue communications, Mr. Bolanos has suffered harm, as described above.

57. As a result of these allegations, Mr. Bolanos is entitled to collect actual damages, including emotional distress, punitive damages, and statutory damages, as determined by a trier of fact.

COMPLAINT

58. As a result of these allegations, Mr. Bolanos is entitled to collect reasonable attorney fees and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Mr. Bolanos, respectfully prays that judgment be entered against the Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. §1681n

B. Award punitive damages to deter further unlawful conduct pursuant to 15 U.S.C. §1681n;

C. Costs and reasonable attorney's fees pursuant 15 U.S.C. §1681n and o;

D. Actual damages against Defendant;

E. For such other and further relief as may be just and proper.

Respectfully submitted,

_____          12/12/13
Ben Dupre, Counsel for Mr. Bolanos                Date

COMPLAINT

10